IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Samantha Iuliano,<br><br>    Plaintiff,<br><br>v.<br><br>UnitedHealth Group, Inc.,<br><br>    Defendant. | Case No. 8:22-cv-2299<br><br>[Removal from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 22-004262-CI]<br><br>Action Filed: September 2, 2022 |

**DEFENDANT UNITEDHEALTH GROUP, INC.'S**
**<u>NOTICE OF REMOVAL</u>**

Please take notice that, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453, and 1711, Defendant UnitedHealth Group, Inc. ("UnitedHealth" or "Defendant") hereby removes to the United States District Court for the Middle District of Florida, Tampa Division, the above-captioned state court action, originally filed as No. 22-004262-CI in the Sixth Judicial Circuit in and for Pinellas County, Florida. The court has jurisdiction over this action under 28 U.S.C. § 1332(d) because this civil action is a class action, there is minimal diversity between the parties, the putative class is comprised of over 100 members, and the amount that the Complaint places in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. Alternatively, the court also has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of

105728664.3

citizenship between the parties and the amount Plaintiff places in controversy with respect to her individual claim exceeds $75,000.

In support of this Notice of Removal, the Defendant states as follows:

## PROCEDURAL BACKGROUND

1. On September 2, 2022, Plaintiff Samantha Iuliano ("Plaintiff") filed a class action Complaint, individually and on behalf of all others similarly situated, against Defendant in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, case number 22-004262-CI (the "State Court Action").

2. On September 8, 2022, Plaintiff served copies of the Summons and Complaint on UnitedHealth. Copies of these documents, as well as Proof of Service of Process, are attached hereto as Exhibit A.

3. As of this date, no further pleadings have been filed or served in the State Court Action, and, other than an unopposed motion to extend Defendant's deadline to respond to the Complaint to October 28, 2022, no further proceedings have been conducted in the State Court Action.

4. Plaintiff asserts one claim on behalf of herself and a putative class of all persons in the State of Florida who, on or after July 1, 2021, allegedly received a telephone call, text message, and/or voicemail transmission regarding Defendant's goods and/or services. Compl. ¶¶ 12–20.

5. The claim alleged is a violation of the Florida Telephone Solicitation

Act ("FTSA"), Fla. Stat. § 501.059.

6. Plaintiff seeks certification of the putative class, appointment as the representative of the Class, statutory damages for herself and each member of the Class, an injunction requiring Defendant cease all "telephonic sales calls" made without express written consent, an award of attorneys' fees and court costs, and such further and other relief as the Court deems necessary.

## REMOVAL IS TIMELY

7. Plaintiff served UnitedHealth on September 8, 2022. Because Defendant has filed this Notice of Removal within 30 days of the service of the Summons and receipt of the Complaint, it is timely under 28 U.S.C. § 1446(b).

## THE GROUNDS FOR REMOVAL ARE ESTABLISHED

8. This court has subject matter jurisdiction over this action pursuant to CAFA. 28 U.S.C. § 1332(d).

9. Removal under CAFA is proper because: (A) Plaintiff brings this civil action as a putative class action; (B) minimal diversity exists between Defendant and Plaintiff; (C) the aggregate number of putative class members alleged on the face of the Complaint is more than 100; and (D) the amount in controversy alleged on the face of the Complaint exceeds $5 million in total, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(1)–(2), (5)–(6), (8); 1453. Therefore, removal is proper under 28 U.S.C. § 1441(a).

10. UnitedHealth denies any liability in this case, denies the allegations of the Complaint, and reserves all rights to oppose class certification and contest the merits of all claims in the Complaint or any subsequent Complaint. But for purposes of the jurisdictional requirements *for this removal only*, the allegations on the face of Plaintiff's Complaint meet the requirements for jurisdiction under 28 U.S.C. §1332(d) and demonstrate that Removal to this Court is proper.

**A.  Plaintiff's Civil Action is a Putative Class Action**

11. Under CAFA, a class action is any civil action filed under a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12. "Plaintiff brings this lawsuit as a class action" under Fla. R. Civ. P. 1.220 – Class Actions. Compl. ¶ 20. Because that rule authorizes an action to be brought "by one party or more suing or being sued as the representative of all members of the class," Fla. R. Civ. P. 1.220(a), this action is a class action for purposes of determining jurisdiction under 28 U.S.C. §1332(d)(1)(B).

**B.  There Is Diversity Of Citizenship Between UnitedHealth and Plaintiff**

13. CAFA's minimal diversity of citizenship requirement is met when any member of the putative class, including the plaintiff, is a citizen of a state different than any defendant. 28 U.S.C. §1332(d)(2)(A).

14. Plaintiff is allegedly a citizen and resident of Florida. Compl. ¶ 12.

15. Defendant is a corporation with citizenship in Delaware, where it is incorporated, and Minnesota, where it maintains its principal place of business. Defendant is not a citizen of Florida.

16. Because Plaintiff and Defendant are citizens of different states, CAFA's minimal diversity requirement is met for purposes of establishing federal jurisdiction.

**C.   There Are More Than 100 Members Alleged in the Putative Class**

17. Plaintiff's allegations establish that this action satisfies CAFA's requirement that the putative class have 100 members or more. 28 U.S.C. § 1332(d)(5)(B).

18. Specifically, while Defendant denies Plaintiff's allegations, Plaintiff alleges that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida," and that "the Class members number in the several thousands." Compl. ¶¶ 21–22. This allegation surpasses the 100-class-member minimum under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B); *see also Kelly v. State Farm Mut. Auto Ins. Co.*, 2010 WL 9888731, at *3 (M.D. Fla. Sept. 23, 2010) (finding this requirement met when "Plaintiffs have alleged in the [Operative] Complaint that it is believed the class contains more than 1,000 persons, which is well over CAFA's 100 person requirement.").

19. UnitedHealth does not admit that class treatment is appropriate here,

but for purposes of removal only, based on Plaintiff's allegations of "several thousands" of class members, the proposed class alleged in the Complaint contains more than 100 members for purposes of establishing this Court's jurisdiction.

**D.     The Amount Plaintiff Places in Controversy Exceeds $5,000,000**

20.     Removal is appropriate under CAFA when the amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  Plaintiff's allegations establish that the amount being placed in controversy by the Complaint is more than $5,000,000.

21.     The amount in controversy includes the aggregate claims of all alleged class members, *id.* at § 1332(d)(6), which Plaintiff alleges is a class of "several thousands" of people.  Compl. at ¶ 21.  For purposes of removal, this allegation suffices to establish jurisdiction, as the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Once the plausible allegation has been made, "[t]hat is the end of the matter, unless 'the plaintiff contests, or the court questions, the defendant's allegation.'"  *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart*, 574 U.S. at 89).

22.     The amount in controversy is "the monetary value that would flow to the entire class" if the full relief sought "were granted."  *South Fla. Wellness, Inc.*

*v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014).  Therefore, applicable to the amount in controversy calculation here, the putative class alleged in the Complaint of "several thousands" seeks "[a]n award of statutory damages for Plaintiff and each member of the Class;" as well as "[a]n award of reasonable attorney's fees . . . ."  Compl. ¶ 38, Prayer for Relief.

23. The putative class seeks more than $5,000,000 in statutory damages alone.  The FTSA permits damages of $1,500 for each offending telephonic sales call "[i]f the court finds that the defendant willfully or knowingly violated this section . . . ."  Fla. Stat. § 501.059(10); *see also South Fla. Wellness*, 745 F.3d at 1316 (setting the amount in controversy at the maximum amount of compensation sought by the class, even though "multiple events," including additional litigation, would need to occur in order for the class to recover that amount).  Plaintiff alleges that "Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing," and that "[a]s a result of Defendant's conduct, and pursuant to §501.059(10) of the FTSA, Plaintiff and Class members were aggrieved and are each entitled to recover damages, costs, and attorney's fees from Defendant."  Compl. at ¶¶ 37–38.  Plaintiff further asserts that "[i]n violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members . . . ."  *Id.* at ¶ 35.  Therefore, because Plaintiff alleges that Defendant "willfully or knowingly" made at least one violating call to every class member,

Plaintiff seeks the full $1,500 in statutory damages available for each allegedly violating call, so the amount in controversy is at least $1,500 per alleged class member, before attorney's fees are even calculated.

24.  Plaintiff does not allege a precise number of class members, but the Complaint's assertion of a putative class with "several thousand" members, Compl. ¶ 21, "each entitled to recover damages" of at least $1,500, Compl. ¶ 38; Fla. Stat. § 10(b), makes it "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2002). "[S]everal thousand" plausibly indicates that the face of the Complaint is alleging a class of at least 3,500 members, placing the amount of statutory damages in controversy alone at $5,250,000, even before considering attorneys' fees. *See Desmond v. Citimortgage, Inc.*, 2013 WL 12094881, at *1–*2 (S.D. Fla. May 24, 2014) (finding the $5,000,000 threshold for CAFA jurisdiction met when Plaintiff's "proposed class encompasses several thousand members, at a minimum" and "[s]tatutory damages are at least $1,000 per incident," while noting that plaintiff's seeking of "attorneys' fees which might be awarded if Plaintiffs are successful . . . must be considered when addressing the amount in controversy.").

25.  Factoring in Plaintiff's request for attorneys' fees on behalf of the putative class confirms the amount in controversy requirement is satisfied. Again,

- 8 -

Defendant denies that Plaintiff has stated a claim, denies that class treatment is appropriate, and denies that attorneys' fees are warranted. But for purposes of establishing jurisdiction only, it is well established that in the Eleventh "Circuit, courts typically award between 20-30%, known as the benchmark range" for attorneys' fees in class action cases. *In re Home Depot, Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). The FTSA also contains an attorneys' fee provision that allows the prevailing party to recover reasonable attorneys' fees and costs. Fla. Stat. § 501.059(11)(a).

26. Even using an alleged metric of 3,500 class members as set forth above—the lower end of the "several thousands" of putative class members alleged in the Complaint, *see Desmond*, 2013 WL 12094881, at *1–*2—the benchmark range for attorney's fees is $1,050,000 using the Eleventh Circuit's 20% figure. This must be included as part of the amount in controversy along with the statutory damages sought, and the $5,000,000 jurisdictional threshold is met for purposes of 28 U.S.C. § 1332(d)(2).

E.  **ALTERNATIVELY, THERE IS DIVERSITY JURISDICTION**

27. Alternatively, the Court has jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

28. As described above, Plaintiff is allegedly a citizen and resident of

- 9 -

Florida, and Defendant is a corporation with citizenship in Delaware and Minnesota, such that Plaintiff and Defendant are citizens of different states and there is complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a).

29. Also as described above, the amount in controversy with respect to Plaintiff's individual claim is both the amount of statutory damages that she seeks for herself, as well as the attorney's fees that she seeks under §501.059(11) of the FTSA. The statute provides for reasonable attorney's fees at the conclusion of the case for all attorney hours spent on the case. Because the total amount of attorney time expended on the matter from inception through final judgment will likely exceed 225 hours, and because this court has previously used $350 per hour as a metric for the jurisdictional calculation (*see Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008)), the amount in controversy with respect to Plaintiff's individual claim alone exceeds $75,000. *See id.*; *accord Mohammed v. Geovera Ins. Co.*, 2022 WL 4730947, at *4 (M.D. Fla. Oct. 3, 2022).

## F. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

30. Based on the foregoing, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a. This is a putative class action;

    b. The minimal diversity requirement is satisfied because Plaintiff is a citizen of a state different from UnitedHealth;

105728664.3

    c. The action involves an alleged putative class of more than 100 call recipients; and

    d. The amount the Complaint places in controversy exceeds $5 million, exclusive of interests and costs.

Accordingly, this action is removable under 28 U.S.C. § 1441.

31. Alternatively, this action is removable because the Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the Plaintiff's individual claim for statutory damages and attorney's fees exceeds $75,000.

32. The United States District Court for the Middle District of Florida, Tampa Division is the federal judicial district and division in which the Circuit Court for Pinellas County sits. Local Rule 1.04(a). Because this action was originally filed in Pinellas County Circuit Court, removal to this district and division is proper. Local Rule 1.06(a); *see also* 28 U.S.C. § 1441(a).

33. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), attached as Exhibit A are true, correct, and legible copies of all papers—including all process, pleadings and orders—served on Defendant and/or docketed in the State Court Action.

34. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, UnitedHealth will give written notice to Plaintiff's counsel and will file a copy of

this Notice with the Clerk of the Circuit Court of Pinellas County, Florida.

Dated:  October 6, 2022  Respectfully submitted,

By: /s/ *David C. Borucke*
DAVID C. BORUCKE
Florida Bar No.: 039195
DANIEL A. SHAPIRO
Florida Bar No.:  965960
Cole, Scott & Kissane P.A.
4301 West Boy Scout Blvd, Suite 400
Tampa, FL 33607
Telephone:  813-864-9351
Facsimile:  813-286-2900

GEOFFREY SIGLER
   (*pro hac vice forthcoming*)
gsigler@gibsondunn.com
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. NW
Washington, DC 20036
Telephone:  202-887-3752
Facsimile:  202-530-9635

TIMOTHY LOOSE
   (*pro hac vice forthcoming*)
tloose@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone:  213-229-7000
Facsimile:  213-229-7520

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy has been sent via email to Benjamin W. Raslavich, Esq., Kuhn Raslavich, P.A., ben@theKRfirm.com; service1@theKRfirm.com, 2110 West Platt Street, Tampa, Florida 33606, (813) 422-7782/(813) 422-7783 (F), Attorneys for Plaintiff.

*/s/ David C. Borucke*
David C. Borucke
*Attorney For Defendant*